**In the Matter of the Petition for Naturalization of TIEN LOP LEE to be Admitted a Citizen of the United States of America.**

**Misc. No. 75–0021.**

United States District Court,
D. Hawaii.

- Dec. 4, 1975.

---

James T. Paul, Paul, Margolis, Warner & Johnson, Honolulu, Hawaii, for petitioner.

Gary Y. Fujiwara, U. S. Dept. of Justice, Immigration and Naturalization Service, for respondent.

## ORDER DENYING MOTION FOR RECONSIDERATION

WONG, District Judge.

On October 7, 1975, the United States of America, through the Immigration and Naturalization Service, Department of Justice, and by the District Director of said Service moved this Court to set aside the judgment entered on August 25, 1975 in favor of petitioner granting him admission to citizenship.

The dispositive question is whether petitioner qualifies under Section 319(b)(1)(B) of the Immigration Act, 8 U.S.C.A. § 1430(b)(1)(B). That section provides for the admission to citizenship of any person whose spouse is employed by the United States Government. Since the INS examiner found as a matter of fact that petitioner's spouse was employed by the Government of American Samoa (See "Findings of Fact, Conclusions of Law and Recommendation of Designated Naturalization Examiner," Petition for Naturalization of Tien Lop Lee, No. 4527), the issue that remains to be resolved is whether employment with the Government of American Samoa is equivalent for these purposes to employment with the United States Government.

In holding that such employment is equivalent to employment with the United States Government, this Court relies on Internal Revenue Service Ruling 56–127, Rev.Rul. 56–127, 1956–1, Cum. Bull. 323. This ruling holds that " . . . United States citizens who are employed in American Samoa by the government thereof are employees of the 'United States or any agency thereof' for the purposes of Section 931(i) of the Internal Revenue Code of 1954." Rev.Rul. 56–127, 1956–1 Cum. Bull. 323. Although counsel for the United States argues that since 1967 American Samoa has been governed under its own Constitution, he has not presented any evidence that the Department of Interior no longer has any control over American Samoa. As recently stated by the Supreme Court: The "powers to govern the islands [of American Samoa] are vested in the President, who has delegated the authority to the Secretary of Interior, Exec. Order No. 10264, 16 Fed. Reg. 6417." *United States v. Standard Oil Co.*, 404 U.S. 558, 559, 92 S.Ct. 661, 662, 30 L.Ed.2d 713 (1972).

Furthermore, the Government's brief does not cite any cases overruling Rev. Ruling 56–127 cited above. This Court also takes judicial notice that even after the Territory of Hawaii was governed by its own Constitution, the Territory of Hawaii still remained under the aegis of the Department of Interior.

For the reasons cited above, this Court must deny the Motion for Reconsideration.