**In the Matter of the Naturalization of:
Dr. TIEN LOP LEE,
Petitioner-Appellee,**

**v.**

**UNITED STATES of America,
Respondent-Appellant.**

**No. 76–1424.**

United States Court of Appeals,
Ninth Circuit.

Jan. 31, 1977.

Harold M. Fong, U. S. Atty., Honolulu, Hawaii, Lawrence W. Chamblee (argued) Crim. Div., Dept. of Justice, Washington, D. C., for respondent-appellant.

James Paul, Honolulu, Hawaii, for petitioner-appellee.

### OPINION

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

The sole question on appeal is whether an American citizen who is employed by the Government of American Samoa ("AS") is "in the employment of the Government of the United States" within the meaning of 8 U.S.C. § 1430(b),[1] thereby entitling her hus-

---

1. Section 1430(b) provides:
    "Any person, (1) whose spouse is (A) a citizen of the United States, (B) in the employment of the Government of the United States, or of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof, or of a public international organization in which the United States participates by treaty or statute, or is authorized to perform the ministerial or priestly functions of a religious denomination having a bona fide organization within the United States, or is engaged solely as a missionary by a religious denomination or by an interdenominational mission organization having a bona fide organization within the United States, and (C) regularly stationed abroad in such employment, and (2) who is in the United States at the time of naturalization, and (3) who declares before the naturalization court in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or within the jurisdiction of the naturalization court or proof thereof shall be required.

band to qualify for naturalization without meeting the three-year period of residency in the United States prescribed by 8 U.S.C. § 1430(a). We respond affirmatively.

Dr. Lee, the petitioner, is a native and national of the Republic of China who resides in American Samoa with his wife, an American citizen employed by AS as a school teacher. The naturalization examiner recommended denial of the petition on the ground that Mrs. Lee was not an employee of the United States. The district court disagreed and granted relief to Dr. Lee. (404 F.Supp. 428 (D.Haw.1975).)

The United States Supreme Court succinctly described the status of American Samoa in its opinion in *United States v. Standard Oil Co.*, 404 U.S. 558, at 558–559, 92 S.Ct. 661, at 662, 30 L.Ed.2d 713 (1972):

> "By Act of Congress, 45 Stat. 1253, 48 U.S.C. § 1661, powers to govern the islands are vested in the President, who has delegated the authority to the Secretary of the Interior, Exec. Order No. 10264, 16 Fed.Reg. 6417."

American Samoa is an "unorganized territory" of the United States: its principal executive and judicial officers are appointed by the Secretary of the Interior. Although it has its own government, legislature, constitution, and local laws, ultimate control is still exercised by the Interior Department.

Section 1430 provides generous relief from the stringent residency requirements for naturalization of spouses of American citizens who are living abroad in the course of pursuing a number of different occupations that Congress believed inured to the benefit of the United States. Such persons include not only those citizens who are employed by the "Government of the United States," but also persons who are privately employed by American firms and corporations in the development of American foreign trade and commerce and still others whose services were believed valuable in promoting the interests of our country abroad. The breadth of the classification of citizens whose spouses qualify for relief under Section 1430 plainly indicates that no unduly technical or narrow reading of "in the employment of the Government of the United States" was intended by Congress. The legislative history contains no hint that Congress intended to distinguish between American citizens who worked for American territorial governments and those who are on payrolls maintained in Washington.[2]

We reject the Government's argument that the benefits of Section 1430(b) are limited to those government employees whose service abroad is involuntary. The contention is unsupported by the language of the statute. The term "regularly stationed abroad" does not connote involuntary service. For example, members of the foreign service of the United States are "regularly stationed abroad," but their service could not be described as "involuntary."

AFFIRMED.

___

**2.** We note that AS employees have been held to be employees of the United States for federal tax purposes. (*Bell v. C. I. R.* (4th Cir. 1960) 278 F.2d 100). The analysis in *Bell*, to the effect that the AS was in reality an administrative arm of the Interior Department, is well-reasoned and persuasive. The fact that American Samoa now possesses its own legislature and constitution (since 1967) does not alter the pervasive and controlling authority of the Interior Department over the islands.